# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SEAN ONKEN, )
    Plaintiff, )
)
v. ) 04 C 1392
)
VILLAGE OF ARLINGTON HEIGHTS, )
OFFICER ROBERT CONIGLIO, and )
SHARON DORFMAN, )
    Defendants. )

## MEMORANDUM AND ORDER

Defendants the Village of Arlington Heights and Sharon Dorfman have filed motions to dismiss pursuant to Rule 12(b)(6). For the following reasons, the Village's motion is granted in part and denied in part and Dorfman's motion is granted.

### Background

The following facts are drawn from the complaint and accepted as true for purposes of the motions to dismiss. Onken, a minor at the time of the events alleged in the complaint, was the subject of an investigation for alleged sexual misconduct at his school. Village Police Officer Robert Coniglio, and Sharon Dorfman, a DCFS employee, investigated the allegations against Onken. According to Onken, a teacher at Onken's school told Dorfman that an unnamed student had told the teacher that Onken was engaged in sexual activity with Onken's sister. Dorfman investigated and spoke with Coniglio. Initially, Coniglio decided not to take any further action because the source was unreliable and he saw no reason to accept the allegations as true.

Dorfman, however, wanted to make an example of the Onken family. She thus "bothered and badgered" Coniglio until he decided to investigate the matter himself to stop Dorfman from "pestering" him. Coniglio was unable to find any information to back up the allegations against

Onken. He nevertheless decided to arrest Onken to scare him and satisfy Dorfman. When Coniglio brought Onken into the Arlington Heights police station, he interrogated him without first advising him of his rights or advising him of the charges brought against him. No criminal case appears to have been filed against Onken. DCFS proceedings ensued and DCFS found that the report against Onken was "indicated" but Onken appealed and this finding was subsequently reversed.

Onken sued the Village of Arlington Heights as well as Coniglio and Dorfman in their individual and official capacities. He asserts that the defendants are liable under 42 U.S.C. § 1983 because they violated his equal protection and due process rights (Count I), falsely arrested, and imprisoned him in violation of state law (Counts II – III), and are liable for intentional infliction of emotional distress under state law (Count V).[1]

## Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the

---

[1] In Count IV, Onken alleges that the defendants maliciously prosecuted him in violation of state law. In his response to the motion to dismiss, he seeks to voluntarily dismiss this claim with prejudice. His request is granted.

complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

## The Village of Arlington Heights — Federal Claims

The Village contends that Onken's complaint fails to state a § 1983 claim based on the equal protection clause. In support, it notes that the equal protection clause protects individuals against discrimination based on membership in a protected class, *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000), and that Onken has failed to allege that the Village targeted him for this reason. The Supreme Court, however, has recognized an equal protection claim based on a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam); *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004).

Under a "class of one" theory, "an individual who has not been singled out because of race or some other trigger of invidious discrimination can still obtain a remedy under the equal protection clause for irrational and wholly arbitrary adverse treatment by government." *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d at 1127 (internal citations omitted). To make out a prima facie case of a "class of one" denial of equal protection, a plaintiff "must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Id.* (uneven enforcement does not violate the equal protection clause, but intentional mistreatment to make a plaintiff worse off than others can).

Here, Onken asserts that Dorfman pursued him because she had a personal vendetta against him and that Coniglio went along with her to scare him and satisfy Dorfman. These allegations are enough to survive a motion to dismiss based on the equal protection clause

because Onken has essentially alleged that the defendants intentionally mistreated him for personal reasons. The Village's motion to dismiss Onken's equal protection claim is, therefore, denied.

The Village also asserts that Onken's complaint fails to state a § 1983 claim based on substantive due process. A substantive due process claim may not be maintained if a specific constitutional provision protects the right at issue. *McCann v. Mangialardi*, 337 F.3d 782, 785 (7th Cir. 2003). The right to be free from criminal prosecution absent a showing of probable cause is a Fourth Amendment claim. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The existence of a potential Fourth Amendment claim thus prevents Onken from pursuing a substantive due process claim. Onken appears to wish to raise a Fourth Amendment claim as opposed to a substantive due process claim. He may amend his complaint accordingly.

Onken's assertion that the defendants denied him substantive due process by falsely arresting him does not save his substantive due process claim because this cause of action is, in fact, a malicious prosecution claim. *See McCann v. Mangialardi*, 337 F.3d at 785. The existence of a state law tort claim knocks out any constitutional claim based on malicious prosecution. *Id.* Because Illinois has a common law tort action for malicious prosecution, Onken's malicious prosecution claim must be brought under Illinois law. *See id.* "In sum, [Onken] cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.* His substantive due process claim is, therefore, dismissed with prejudice.

### Sharon Dorfman — Federal Claims

Dorfman seeks to dismiss the federal claims against her, asserting that Onken's complaint fails to establish that she was personally involved in the alleged deprivation of Onken's constitutional rights and that, even if she was, she is entitled to qualified immunity. In his response to the motion to dismiss, Onken states that he filed suit against DCFS in the Illinois Court of Claims, that he is willing to litigate his claims against Dorfman in that forum, and that he agrees that Dorfman is entitled to qualified immunity for the actions alleged in his federal complaint. Accordingly, Dorfman's motion to dismiss all of the § 1983 claims against her is granted and these claims are dismissed with prejudice.

### State Law Claims

Onken asserts that the defendants falsely arrested and imprisoned him in violation of Illinois law and are liable for intentional infliction of emotional distress. To the extent that Onken seeks to assert state law claims against Dorfman, the court declines to exercise supplemental jurisdiction over these claims since there are no pending federal claims against her and this case is at the motion to dismiss stage. *See* 28 U.S.C. § 1367. Accordingly, the state law claims against Dorfman are dismissed without prejudice to refiling in state court.

Counts II, III and V (false arrest, false imprisonment, and intentional infliction of emotional distress, respectively) are also directed at the Village and Coniglio. Their motion to dismiss, however, focuses solely on Onken's federal claims. The court will thus not consider whether Counts II, III, and V state a claim for which relief may be granted. The court must, however, note that the framing of Onken's state law claims against the Village is unusual. The Village is not a natural person and thus can potentially only be liable for the torts of its

employees. The complaint, however, appears to contend that the Village itself committed the enumerated torts against Onken. Onken is granted leave to replead the state law claims against the Village to clarify the causes of action he wishes to bring against it.

## Conclusion

For the above reasons, the Village's motion to dismiss [9-1] is granted in part and denied in part. Specifically, the Village's motion to dismiss Onken's equal protection claim is denied but Onken's substantive due process claim is dismissed with prejudice. Onken has advised the court that he intended to allege a Fourth Amendment claim in Count I. Accordingly, he is granted leave to file an amended complaint by February 10, 2005, which amends Count I to add allegations regarding his proposed Fourth Amendment claim. In addition, the amended complaint should clarify the state law claims against the Village consistent with this order. Finally, Onken's motion to voluntarily dismiss his malicious prosecution claim (Count IV) with prejudice is granted.

DATE: 1-31-05

Blanche M. Manning
United States District Judge

04cv1392.md